05-CV-05157-CMP

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL BRANNAN, Individually, as Administrator of the estate of BARBARA BRANNAN, Deceased, and as Parent and Natural Guardian for his minor children STEPHANIE BRANNAN AND RHIANNON BRANNAN,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER-PERMANENTE; MINDY ROTHBARD, M.D.; and MIKE G. LIN, M.D.,<br><br>Defendants. | NO. C05 5157 FDB<br><br>COMPLAINT FOR WRONGFUL DEATH AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br><br>JURY TRIAL DEMANDED |

Plaintiffs, Michael Brannan, Individually and as Administrator of the Estate of Barbara Brannan, deceased, and as parent and natural guardian for his minor children, Stephanie Brannan and Rhiannon Brannan, for their Complaint against defendants allege as follows:

## NATURE OF ACTION

1.  This is an action for wrongful death, survival, and related claims arising as

COMPLAINT AND DEMAND FOR JURY - Page 1 of 19

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

a result of decedent Barbara Brannan's ingestion of generic Adderall (amphetamine combination salts), which was prescribed for her by Dr. Mindy Rothbard, a psychiatrist, while under the treatment of Dr. Mike G. Lin, an internal medicine physician; Drs. Rothbard and Lin are employed by Kaiser Permanente. The prescription for generic Adderall was filled by the Kaiser Permanente pharmacy at the Kaiser Permanente facility in Salmon Creek, Washington. On July 16, 2002, decedent Barbara Brannan, at the age of thirty-nine, died as a result of the amphetamine effect of the generic Adderall taken in accordance with the dosage instructions of Dr. Mindy Rothbard and Kaiser Permanente.

2. Plaintiff Michael Brannan is the widower of Barbara Brannan, and brings this action individually as the Administrator of the Estate of Barbara Brannan, deceased, and as parent and custodian for his two minor daughters, Stephanie Brannan and Rhiannon Brannan.

3. The decedent Barbara Brannan is survived by her husband plaintiff Michael Brannan and her two minor daughters, Stephanie Brannan and Rhiannon Brannan. Plaintiff Michael Brannan currently resides at 950 West Betty Avenue, Pahrump, Nevada with his children. At the time of Barbara Brannan's death, the Brannan family resided at 1401 SW 7th Court, Battle Ground, Washington.

4. Plaintiff Rhiannon Brannan is a minor child, age 12 at the time of the incident giving rise to this lawsuit. Rhiannon is the eldest daughter of Barbara Brannan. She witnessed her mother's death on July 16, 2002. Plaintiff Rhiannon Brannan currently resides with her father Michael Brannan at 950 West Betty Avenue, Pahrump, Nevada. At the time of her mother's death, Rhiannon was being home schooled by Barbara because Rhiannon suffers from asperger syndrome, a form of autism.

COMPLAINT AND DEMAND FOR JURY - Page 2 of 19

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

5. Plaintiff Stephanie Brannan is a minor child, age 10 at the time of the incident giving rise to this lawsuit. Stephanie is the youngest daughter of Barbara Brannan. She witnessed her mother's death on July 16, 2002. Plaintiff Stephanie Brannan currently resides with her father Michael Brannan at 950 West Betty Avenue, Pahrump, Nevada.

6. Defendant Kaiser Permanente ("Kaiser Permanente") is a health maintenance organization organized under the laws of the State of California with its corporate headquarters located at 1 Kaiser Plaza, Oakland, California. At all times material hereto, Kaiser Permanente has maintained a facility for the provision of health maintenance and other medical care at 9800 SE Sunnyside Road, Clackamas, Oregon. It also has operated a similar facility at 14406 NE 20th Avenue, Vancouver, Washington, known as the "Salmon Creek Medical Office". Contained within the Kaiser Permanente facility at the Salmon Creek Medical Office is a pharmacy owned, operated, and staffed by Kaiser Permanente.

7. The Salmon Creek Medical Office maintains a department of Addiction Med-line/Mental Therapy. This department treats Kaiser Permanente members who suffer from depression and other mental health conditions.

8. Dr. Mindy Rothbard is an individual and a citizen of the State of California. She resides in Sacramento and still works for defendant, Kaiser Permanente at its Sacramento, California office, located at 6600 Barneville Road. At all times material hereto, Dr. Mindy Rothbard was a psychotherapist duly licensed as a medical doctor by the State of Washington, working as a full-time employee of Kaiser Permanente at its Salmon Creek facility.

COMPLAINT AND DEMAND FOR JURY - Page 3 of 19

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

9. Dr. Mike G. Lin is an individual and a citizen of the State of Washington. He is a duly licensed medical doctor in the State of Washington and still works for Kaiser Permanente as an internal medicine physician. Dr. Lin was Barbara Brannan's primary care physician (PCP).

10. At all times material hereto, Kaiser Permanente has held out Dr. Mindy Rothbard as its employee, cloaking her in apparent authority to act on its behalf, and decedent Barbara Brannan justifiably relied on the apparent authority of Dr. Mindy Rothbard to act on behalf of Kaiser Permanente.

11. At all times material hereto, Kaiser Permanente has held out Dr. Lin as its employee, cloaking him in apparent authority to act on its behalf, and decedent Barbara Brannan justifiably relied on the apparent authority of Dr. Mike G. Lin to act on behalf of Kaiser Permanente.

## JURISDICTION AND VENUE

12. This Court has diversity jurisdiction of this claim pursuant to 28 U.S.C. §1332 in that the dispute is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

13. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. §1391(a)(2) in that a substantial part of the events or omissions giving rise to this claim occurred within the Western District of Washington.

## OPERATIVE FACTS

14. At all times material hereto, Adderall is a prescription drug, prescribed for the treatment of children with attention deficit hyperactivity disorder (ADHD).

15. As of July 2002, Shire US Inc., manufacturer of Adderall, advised physicians that Adderall contains amphetamine and dextroamphetamine which

COMPLAINT AND DEMAND FOR JURY - Page 4 of 19

LAW OFFICES OF
**MILLS MEYERS SWARTLING**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

stimulate the central nervous system by increasing the amount of certain chemicals in a user's body. These chemicals increase the user's heart rate and blood pressure, among other effects. The manufacturer of Adderall specifically cautioned against taking Adderall if one suffered from heart disease or high blood pressure or had arteriosclerosis (hardening of the arteries). Among the possible side effects of Adderall identified by the manufacturer Shire US Inc. were irregular heartbeat and an increase in blood pressure. The manufacturer also advised against combining caffeine with the administration of Adderall, cautioning that such combination may increase the risk of cardiovascular effects. The manufacturer further advised that ingestion of Adderall may cause an increase in blood pressure and that caution should be exercised in prescribing amphetamines for patients with "even mild hypertension" and that blood pressure and pulse should be monitored at appropriate intervals in patients taking Adderall. As noted by the manufacturer, Adderall is a habit-forming drug. Accordingly, the manufacturer cautioned that the least amount feasible should be dispensed at one time and that 30 milligram doses can produce "severe reactions".

16. As of July 2002, the United States Food and Drug Administration ("FDA") had approved the prescription of Adderall for treatment of attention deficit hyperactivity disorder in children. The FDA specifically had not approved the prescription of Adderall for adults.

17. At all times material hereto, Adderall could be obtained in either immediate release or extended release (XR) form. In its extended release form, the dosage is administered to the user gradually over several hours. Generic Adderall was available only in an immediate release tablet, and not a time-release capsule.
COMPLAINT AND DEMAND FOR JURY - Page 5 of 19

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

18. At all times material hereto, the pharmacy owned and operated by Kaiser Permanente at Salmon Creek, Washington, supplied only generic Adderall. Upon information and belief, one reason that Kaiser Permanente supplied only generic Adderall from its Salmon Creek pharmacy was to increase the profits to Kaiser Permanente.

19. One component of Adderall in either immediate release or extended release form is amphetamine salts. When ingested, such amphetamine salts may cause an acceleration in a user's heart rate and an increase in blood pressure.

20. Decedent Barbara Brannan and her family moved to Battle Ground, Washington on or about August 1, 2001. Thereafter, she became a "member" of Kaiser Permanente. At the time she became a patient of Kaiser Permanente, Barbara Brannan suffered from continual pain in her back, the unfortunate result of having been a victim of an assault during an armed robbery in which her back was severely injured.

21. At the time Barbara Brannan became a member of Kaiser Permanente, she also suffered from myocardial fibrosis, a heart condition which made her particularly susceptible to cardiac dysrythmia, a potentially deadly cardiac incident during which her blood pressure and heart rate suddenly increased.

22. At all times material hereto, once she became a member of Kaiser Permanente, Barbara Brannan treated with Dr. Mike G. Lin for her back condition and the related continual pain.

23. In the course of his treatment of Barbara Brannan, Dr. Lin prescribed several pain reduction drugs, including but not limited to hydrocodone/acetaminophen (Vicodin), Oramorph (morphine), and OxyContin, in an attempt to alleviate her continual back pain.

COMPLAINT AND DEMAND FOR JURY - Page 6 of 19

LAW OFFICES OF
**MILLS MEYERS SWARTLING**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

24. Additionally, Dr. Lin prescribed Paxil and Prozac, anti-depressant drugs, for Barbara Brannan.

25. In the month and a half before her death, Dr. Lin prescribed medications for Barbara Brannan, which were dispensed for her as follows:

(A) 05/29/02 – 30 day supply of Prozac, 20 mg capsules.

(B) 06/04/02 – 28 day supply of hydrocodone/acetaminophen tablets.

(C) 06/25/02 – 90 day supply of Prozac, 20 mg capsules.

(D) 06/25/02 – 7 day supply of 15 mg of Oramorph tablets.

(E) 07/09/02 – 28 day supply of hydrocodone/acetaminophen tablets.

26. On or about June 13, 2002, Dr. Lin referred Barbara Brannan to his colleague, Dr. Mindy Rothbard, at the Kaiser Permanente Salmon Creek facility, for purposes of mental health/psychiatric evaluation and counseling.

27. Dr. Rothbard first saw Barbara Brannan on June 13, 2002. Dr. Rothbard's office notes reflect that she observed Ms. Brannan as "[a] 39-year-old female with attention deficit hyperactivity disorder and chronic problems with depression and low self-esteem since childhood. She has had chronic back pain since June 2000. She is a stay-at-home mom for her 10 and 12 year old daughters, both of whom have ADHD . . . ." During her initial evaluation, Dr. Rothbard noted that Barbara Brannan drank a pot of coffee each morning.

28. On June 13, 2002, Dr. Rothbard failed to conduct a complete physical examination of Barbara Brannan, including a cardiac evaluation. Nonetheless, Dr. Rothbard prescribed a 30 day supply of generic Adderall, amphetamine salt combination 10 mg tablets. The chart notes state: "Trial of Adderall beginning at 10 mg

COMPLAINT AND DEMAND FOR JURY - Page 7 of 19

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

q.a.m. (each morning [for three days]) and increasing to 10 mg b.i.d. [twice daily] with a final dose in the early afternoon".

29. On June 21, 2002, Dr. Mike Lin recorded in the chart for Barbara Brannan that he was "going to wean her morphine down to 15 mg one tablet twice a day". Thereafter, on July 12, 2002, Dr. Lin recorded on his progress notes in the chart for Barbara Brannan that he was "weaning her off her oramorph". These chart entries were available to Dr. Mindy Rothbard as part of the decedent Barbara Brannan's computerized medical record maintained by Kaiser Permanente.

30. Notwithstanding the admonition of Dr. Lin that he wanted to wean Barbara Brannan from habit forming prescription drugs, Dr. Rothbard was contacted by Barbara Brannan on June 26, 2002, and at that time prescribed a 90 day supply of Adderall 10 mg tablets. This prescription was for 360 tablets of generic Adderall. It was Dr. Rothbard's directive to the decedent Barbara Brannan that she take two tablets twice a day (four such tablets daily) totaling 40 mg per day. Again, Dr. Rothbard failed to perform or order a cardiac evaluation of Barbara Brannan.

31. From June 26, 2002 until her death on July 16, 2002, Barbara Brannan took the generic Adderall amphetamine salt combination tablets prescribed for her by Dr. Mindy Rothbard and supplied to her by Kaiser Permanente, at the dosage level of 40 mg per day. Neither Dr. Lin nor Dr. Rothbard evaluated or monitored Barbara Brannan's cardiac condition during this time.

32. Upon information and belief based on available chart entries, Dr. Rothbard prescribed generic Adderall, the amphetamine salt combination tablets, for Barbara Brannan to assist her to "focus better and get her work done".

COMPLAINT AND DEMAND FOR JURY - Page 8 of 19

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

33. As such, Dr. Rothbard was administering the generic Adderall, amphetamine salt combination tablets for an "off label" use inasmuch as generic Adderall was not approved by the FDA as a safe drug for use by adults for any reason.

34. One of the reasons that the FDA had not approved Adderall for adults, as opposed to children, is that the risk of cardiovascular disease, heart ailments and defects, including but not limited to myocardial fibrosis, is greater in adults than children.

35. Once an adult has developed myocardial fibrosis, the use of amphetamine salts can result in cardiac dysrhythmia, a potentially fatal cardiac incident.

36. On July 16, 2002, after ingesting the generic Adderall, Barbara Brannan, at the age of 39, in the presence of her family, suffered sudden and fatal cardiac arrest and was pronounced dead upon arrival at St. John Medical Center in Longview, Washington. Barbara Brannan was vacationing at Mt. St. Helens with her husband, her father, and her two minor children, Stephanie Brannan and Rhiannon Brannan, when she collapsed and died in the gift shop.

37. On July 16, 2002, the day of Barbara Brannan's death, the Cowlitz County Coroner's Office performed an autopsy. The microscopic description of the decedent's cardiovascular system noted "scattered fibrosis change in sections throughout the conduction system". The summary of autopsy findings included the finding that the decedent, Barbara Brannan had "mild dilated cardiomyopathy and interstitial and perivascular myocardial fibrosis".

38. The Cowlitz County Coroner's Office attributed the cause of Barbara Brannan's death to cardiac dysrythmia due to "myocardial fibrosis and amphetamine effect".

COMPLAINT AND DEMAND FOR JURY - Page 9 of 19

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

39. The ingestion of the amphetamine salt combination tablets, prescribed by Dr. Mindy Rothberg and furnished by Kaiser Permanente, while Barbara Brannan was under the care of Dr. Mike G. Lin, was the proximate cause of the above-noted amphetamine effect and the death of Barbara Brannan.

## COUNTS I AND II
### WRONGFUL DEATH AND SURVIVAL ACTIONS BY MICHAEL BRANNAN AS ADMINISTRATOR OF THE ESTATE OF BARBARA BRANNAN AND ON BEHALF OF HIMSELF AND HIS TWO MINOR DAUGHTERS
### NEGLIGENCE

40. Plaintiffs incorporate all the above paragraphs as though fully set forth and restated herein.

41. Michael Brannan, as Administrator of the Estate of his deceased wife, Barbara Brannan, brings these wrongful death and survival claims arising from negligent acts of Kaiser Permanente, Dr. Mike G. Lin, and/or Dr. Mindy Rothbard, pursuant to RCW Chapter 4.20.

42. Defendants Kaiser Permanente, Dr. Lin, and Dr. Rothbard had a duty to Barbara Brannan to provide medical care and treatment in a safe manner and in accordance with good and acceptable medical standards. As set forth below, these defendants were negligent and breached their duty to Barbara Brannan.

43. The negligent and wrongful acts of Kaiser Permanente, Dr. Lin, and Dr. Rothbard include the following:

(A) prescribing and furnishing amphetamine combination salts for Barbara Brannan for an off-label use;

(B) prescribing and furnishing amphetamine combination salts for use by an adult, Barbara Brannan;

(C) prescribing and furnishing the amphetamine combination salts in a generic immediate release form rather than a time-released capsule;

COMPLAINT AND DEMAND FOR JURY - Page 10 of 19

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

(D)   failing to heed the admonition of Dr. Lin that Barbara Brannan should be weaned from habit forming drugs;

(E)   prescribing and furnishing amphetamine combination salts without determining if Barbara Brannan had a pre-existing heart defect and/or myocardial fibrosis;

(F)   prescribing and furnishing amphetamine combination salts for a patient with a known pre-disposition towards addictive habit-forming drugs;

(G)   prescribing and furnishing amphetamine combination salts for a non-FDA approved use;

(H)   failing to determine if it was safe to administer amphetamine combination salts to Barbara Brannan;

(I)   failing to screen Barbara Brannan for structural heart disease prior to prescribing and furnishing amphetamine combination salts;

(J)   failing to monitor Barbara Brannan's reaction to the amphetamine salts to determine if usage was affecting her blood pressure;

(K)   failing to determine and prescribe the amphetamine combination salts in the "lowest possible dosage";

(L)   failing to determine if Barbara Brannan suffered from a cardiovascular condition prior to prescribing amphetamine combination salts;

(M)   prescribing and furnishing amphetamine combination salts to a patient who consumed a pot of coffee each morning;

(N)   prescribing and furnishing amphetamine combination salts for Barbara Brannan given her family history of hypertension;

(O)   failing to possess the requisite skill and knowledge as represented or implied for caring and treating Barbara Brannan;

(P)   failing to possess the skill, training, knowledge and judgment of members in the medical community similarly situated;

(Q)   failing to properly treat Barbara Brannan for a mental health condition;

(R)   failing to insure that the qualified personnel were available to

COMPLAINT AND DEMAND FOR JURY - Page 11 of 19

LAW OFFICES OF
**MILLS MEYERS SWARTLING**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

properly treat Barbara Brannan;

(S) failing to adequately and properly train, supervise, hire and/or otherwise be responsible for the actions of specialists, doctors, nurses, technicians, pharmacists and other medical personnel treating and caring for Barbara Brannan;

(T) failing to conform to the requisite standard of medical care.

44. Defendants Dr. Lin and Dr. Rothbard undertook and/or assumed a duty to Barbara Brannan to render reasonable, competent, proper, adequate, and appropriate medical and diagnostic care, advice, services, and treatment and to take appropriate measures to avoid harm to Barbara Brannan.

45. Barbara Brannan relied upon the medical knowledge, treatment, and advice of defendant Kaiser Permanente and its agents, employees and/or ostensible agents, including Dr. Lin and/or Dr. Rothbard.

46. The negligence and wrongful acts of defendants, Kaiser Permanente, Dr. Lin, and Dr. Rothbard, increased the risk of harm and/or were the proximate cause of the injuries and damages sustained by Barbara Brannan as set forth more fully herein.

47. The negligence and wrongful acts of the defendants were the proximate cause of Barbara Brannan's death; as noted in the Cowlitz County Coroner's report, her death was specifically due to myocardial fibrosis and the amphetamine effect of the amphetamine combination salts.

48. The defendants knew or should have known that Barbara Brannan would foreseeably suffer serious injury and death as a result of the defendants' failure to exercise ordinary care as described above.

49. The negligence and wrongful acts of the defendants were a proximate cause of devastating injuries and death to Barbara Brannan. Plaintiffs' damages caused

COMPLAINT AND DEMAND FOR JURY - Page 12 of 19

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

... decreased life expectancy, as well as pain, suffering, anxiety, emotional distress, humiliation, fear, and other trauma experienced prior to her death. Such survival damages are recoverable pursuant to RCW Chapter 4.20.

50. The negligence and wrongful acts of the defendants were a proximate cause of injuries and damages to Barbara Brannan's spouse and children. These damages caused by defendants include economic losses, such as loss of support over the course of decedent's life expectancy, and noneconomic damages including loss of love, affection, care, service, companionship, society, training, and consortium, and other wrongful death damages recoverable pursuant to RCW Chapter 4.20.

### COUNT III
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### MICHAEL BRANNAN v. DEFENDANTS

51. Plaintiffs incorporate all the above paragraphs as though fully set forth and restated herein.

52. The defendants had a duty to exercise reasonable care in the care and treatment of Barbara Brannan, including a duty to assure that the prescription drugs/medications they prescribed for her did not cause her to suffer unreasonable, dangerous side effects.

by the defendants include economic loss, including reasonable health care expenses, funeral expenses, expenses of administration, and destruction of earning capacity. Noneconomic damages include the loss of Barbara Brannan's enjoyment of life due to her shortened life expectancy, as well as pain, suffering, anxiety, emotional distress, humiliation, fear, and other trauma experienced prior to her death. Such survival damages are recoverable pursuant to RCW Chapter 4.20.

50. The negligence and wrongful acts of the defendants were a proximate cause of injuries and damages to Barbara Brannan's spouse and children. These damages caused by defendants include economic losses, such as loss of support over the course of decedent's life expectancy, and noneconomic damages including loss of love, affection, care, service, companionship, society, training, and consortium, and other wrongful death damages recoverable pursuant to RCW Chapter 4.20.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## MICHAEL BRANNAN v. DEFENDANTS

51. Plaintiffs incorporate all the above paragraphs as though fully set forth and restated herein.

52. The defendants had a duty to exercise reasonable care in the care and treatment of Barbara Brannan, including a duty to assure that the prescription drugs/medications they prescribed for her did not cause her to suffer unreasonable, dangerous side effects.

53. The defendants failed to exercise ordinary care in prescribing and furnishing amphetamine salt combination tablets in that the defendants knew or should have known that the off-label use of such tablets created a high risk of unreasonable harm, specifically alteration in blood pressure or heart rate, myocardial infarction,

COMPLAINT AND DEMAND FOR JURY - Page 13 of 19

LAW OFFICES OF
**MILLS MEYERS SWARTLING**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

seizures, strokes, heart attacks, and cardiac dysrythmia which can cause extraordinary suffering and death. In these circumstances, defendants failed to adequately monitor Barbara Brannan's condition.

54.  The negligence and wrongful acts of the defendants described herein were a proximate cause of damages to plaintiff Michael Brannan, who observed his wife's suffering and death and thereby sustained permanent and devastating injuries as set forth above. These injuries have caused, and will continue in the future to cause, extensive mental pain and suffering, emotional distress, intense anxiety, fear, and other stress related physical and emotional injuries and have substantially reduced the plaintiff's ability to enjoy life; they also have caused and will in the future cause plaintiff Michael Brannan to expend substantial sums of money for medical and related care.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## MICHAEL BRANNAN AS PARENT AND NATURAL GUARDIAN
## OF RHIANNON BRANNAN v. DEFENDANTS

55.  Plaintiffs incorporate all the above paragraphs as though fully set forth and restated herein.

56.  The defendants had a duty to exercise reasonable care in the care and treatment of Barbara Brannan, including a duty to assure that the prescription drugs/medications they prescribed for her did not cause her to suffer unreasonable, dangerous side effects.

57.  The defendants failed to exercise ordinary care in the prescribing and furnishing of amphetamine salt combination tablets in that the defendants knew or should have known that the off-label use of such tablets created a high risk of unreasonable harm, specifically alteration in blood pressure or heart rate, myocardial

COMPLAINT AND DEMAND FOR JURY - Page 14 of 19

LAW OFFICES OF
**MILLS MEYERS SWARTLING**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

infarction, seizures, strokes, heart attacks, and cardiac dysrythmia which can cause extraordinary suffering and death. In these circumstances, defendants failed to adequately monitor Barbara Brannan's condition.

58. The negligence and wrongful acts of the defendants described herein were a proximate cause of damages to plaintiff Rhiannon Brannan, who observed her mother's suffering and death and thereby sustained permanent and devastating injuries as set forth above. These injuries have caused, and will continue in the future to cause, extensive mental pain and suffering, emotional distress, intense anxiety, fear, and other stress related physical and emotional injuries and have substantially reduced her ability to enjoy life; they also have caused, and will in the future cause, plaintiff Rhiannon Brannan to expend substantial sums of money for medical and related care.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## MICHAEL BRANNAN AS PARENT AND NATURAL GUARDIAN OF STEPHANIE BRANNAN v. DEFENDANTS

59. Plaintiffs incorporate all the above paragraphs as though fully set forth and restated herein.

60. The defendants had a duty to exercise reasonable care in the care and treatment of Barbara Brannan, including a duty to assure that the prescription drugs/medications they prescribed for her did not cause her to suffer unreasonable, dangerous side effects.

61. The defendants failed to exercise ordinary care in prescribing and furnishing amphetamine salt combination tablets in that the defendants knew or should have known that the off-label use of such tablets created a high risk of unreasonable harm, specifically alteration in blood pressure or heart rate, myocardial infarction,

COMPLAINT AND DEMAND FOR JURY - Page 15 of 19

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

seizures, strokes, heart attacks, and cardiac dysrythmia which can cause extraordinary suffering and death. In these circumstances, defendants failed to adequately monitor Barbara Brannan's condition.

62. The negligence and wrongful acts of the defendants described herein were a proximate cause of damages to plaintiff Stephanie Brannan, who observed her mother's suffering and death and thereby sustained permanent and devastating injuries as set forth above. These injuries have caused, and will continue in the future to cause, extensive mental pain and suffering, emotional distress, intense anxiety, fear, and other stress related physical injuries and have substantially reduced her ability to enjoy life; they also have caused, and will in the future cause, plaintiff Stephanie Brannan to expend substantial sums of money for medical and related care.

## COUNT VI
## LOSS OF CONSORTIUM
## MICHAEL BRANNAN

63. Plaintiffs incorporate by reference the allegations in all of the foregoing paragraphs as if fully set forth herein.

64. The negligence and wrongful acts of the defendants were a proximate cause of damages to plaintiff Michael Brannan, who has been deprived and continues to be deprived of marital consortium, including support, love, affection, services, and companionship of his wife, decedent, Barbara Brannan, and he will be so deprived in the future.

## COUNT VII
## LOSS OF CONSORTIUM
## MICHAEL BRANNAN AS PARENT AND NATURAL GUARDIAN
## FOR HIS DAUGHTER RHIANNON BRANNAN v. DEFENDANTS

65. Plaintiffs incorporate by reference the allegations in all of the foregoing

COMPLAINT AND DEMAND FOR JURY - Page 16 of 19

LAW OFFICES OF
**MILLS MEYERS SWARTLING**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

paragraphs as if fully set forth herein.

66.     The negligence and wrongful acts of the defendants were a proximate cause of damages to plaintiff Rhiannon Brannan, who has been deprived and continues to be deprived of loss of love, affection, care, service, companionship, society, education, training, and consortium of her mother, and she will be so deprived in the future.

## COUNT VIII
## LOSS OF CONSORTIUM
### MICHAEL BRANNAN AS PARENT AND NATURAL GUARDIAN FOR HIS DAUGHTER STEPHANIE BRANNAN v. DEFENDANTS

67.     Plaintiffs incorporate by reference the allegations in all of the foregoing paragraphs as if fully set forth herein.

68.     The negligence and wrongful acts of the defendants were a proximate cause of damages to plaintiff Stephanie Brannan, who has been deprived and continues to be deprived of loss of love, affection, care, service, companionship, society, education, training, and consortium of her mother, and she will be so deprived in the future.

### PRAYER FOR RELIEF

WHEREFORE plaintiffs pray for judgment against the defendants as follows:

(A)     For economic and noneconomic damages to the Estate of Barbara Brannan, in an amount to be proven at trial;

(B)     For economic and noneconomic damages to plaintiffs Michael Brannan, Stephanie Brannan, and Rhiannon Brannan for the

COMPLAINT AND DEMAND FOR JURY - Page 17 of 19

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

wrongful death of Barbara Brannan, in an amount to be proven at trial;

(C) For damages to plaintiffs Michael Brannan, Stephanie Brannan, and Rhiannon Brannan for the negligent infliction of emotional distress, in an amount to be proven at trial;

(D) For any and all other damage recoverable at trial;

(E) For prejudgment interest on all liquidated damages;

(F) For all costs, expenses and attorneys fees recoverable at trial; and

(G) For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all of the foregoing claims.

RESPECTFULLY SUBMITTED this 4 day of March, 2005.

MILLS MEYERS SWARTLING

*[signature]*

C. William Bailey, WSBA No. 5032
David D. Swartling, WSBA No. 6972
cwbailey@mms-seattle.com
dswartling@mms-seattle.com
MILLS MEYERS SWARTLING
1000 Second Avenue
30th Floor
Seattle, WA 98104
206.382.1000
fax: 206.386.7343

Of Attorneys for Plaintiffs

COMPLAINT AND DEMAND FOR JURY - Page 18 of 19

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

LAW OFFICES OF JACK MEYERSON

*[signature]*

Jack A. Meyerson
MEYERSON LAW FIRM
1700 Market Street, Suite 2632
Philadelphia, PA 19103
215.972.1376
fax: 215. 972.0277
jmeyerson@meyersonlawfirm.com
Of Attorneys for Plaintiffs

COMPLAINT AND DEMAND FOR JURY -

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343