Honorable Franklin D. Burgess

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL BRANNAN, Individually, as Administrator of the estate of BARBARA BRANNAN, deceased, and as Parent and Natural Guardian for his minor children STEPHANIE BRANNAN and RHIANNON BRANNAN,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHWEST PERMANENTE, P.C.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; MINDY ROTHBARD, M.D.; and MIKE G. LIN, M.D.,<br><br>Defendants. | No. 05-5157 FDB<br><br>DEFENDANTS' MOTION FOR PROTECTIVE ORDER<br><br>Noted: Monday, June 5, 2006 |

## I. RELIEF REQUESTED.

Defendants seek a protective order pursuant to Fed. R. Civ. P. 26(c)(1) preventing production of personal and financial documents belonging to defense expert witness, Dr. William Brady sought by plaintiffs in their Notice of Deposition to Dr. Brady.

DEFENDANTS' MOTION FOR PROTECTIVE ORDER - 1
S:\WP\CASES\4830\PLEADINGS\protective.order.wpd

BURGESS FITZER, P.S.
ATTORNEYS AT LAW
1145 BROADWAY STREET, SUITE 400
TACOMA, WASHINGTON 98402-3584
(253) 572-5324   FAX (253) 627-8928

## II. STATEMENT OF FACTS PERTINENT TO THIS MOTION.

The defendants designated Dr. William Brady as an expert witness on one of the issues in this litigation. On May 12, 2006, the plaintiffs served on defendants a Notice of Deposition of Dr. William J. Brady scheduled for June 26, 2006 at 9:00 a.m. *See* Ex. A to Declaration of Paula T. Olson. Included in the notice was a request that Dr. Brady bring the following documents covering the time period of 2001 to the present:

1. All records reflecting the receipt of fees for services as an expert witness in any criminal or civil litigation;

2. All witness fees received for drafting of expert reports, appearance at depositions and appearance in court in any criminal or civil litigation;

3. Income tax returns for the calendar years 2001 through 2005 which reflect the sources of income reported;

4. All 1099 Forms reflecting the receipt of fees for the performance of duties as an expert witness.

*Id.* Defense counsel immediately advised plaintiffs' counsel of their objections to the scope and content of Dr. Brady's deposition notice pertaining to the requested documents. The parties, through their attorneys, discussed the nature of the defendants' objections, attempting to resolve the matter without court intervention. Their best efforts failed. *See* Olson Decl. For the reasons set forth herein, the defendants object to the production of the above listed documents and seek a protective order preventing their production.

## III. LEGAL MEMORANDUM.

A.  *Plaintiffs' requests for production of Dr. Brady's financial information violates the spirit and intent of Rule 26(a)(2).*

The rules of discovery of expert testimony are clearly set forth in Fed. R. Civ. P. 26(a)(2)(B), including the expert's report, the expert's qualifications, a list of all publications

DEFENDANTS' MOTION FOR PROTECTIVE ORDER - 2
S:\WP\CASES\4830\PLEADINGS\protective.order.wpd

BURGESS FITZER, P.S.
ATTORNEYS AT LAW
1145 BROADWAY STREET, SUITE 400
TACOMA, WASHINGTON 98402-3584
(253) 572-5324    FAX (253) 627-8928

authored by the expert in the past ten years, compensation to be paid for the study and testimony, and a listing of cases in which the expert has testified in the preceding four years. The defendants have provided all of this information regarding Dr. Brady to the plaintiffs. The plaintiffs, however, are not satisfied with that. They wish to embark on a fishing expedition into Dr. Brady's personal and financial affairs in the hopes of uncovering some impropriety or bias created by his previous employment as an expert witness. Not only does the requested information violate Dr. Brady's right to privacy, it is beyond what is intended or required by the rules of discovery.

Defendants further contend that the plaintiffs' request for the above listed documents is oppressive, unduly burdensome, and will subject Dr. Brady to annoyance and embarrassment in violation of Rule 26. Therefore, defendants seek a protective order pursuant to Fed. R Civ. P. 26(c) and request that Dr. Brady be precluded from producing these documents.

The issue of discovery of personal and financial information from expert witnesses has not been addressed by the Ninth Circuit and only one district court within the Ninth Circuit has published an opinion on the matter. The issue has been decided in the District of Maryland and in some state courts, which while not binding on this court, is nonetheless instructive on the approach taken in a factually similar situation. None of these decisions allowed the production of personal financial documentary information.

In *Rogers v. United States Navy*, 223 F.R.D. 553 (S.D. Calif 2004), the plaintiff sought similar personal financial information from the defense expert, including income derived from forensic work. The district court, relying on *Behler v. Hanlon*, 199 F.R.D. 553 (D.Md.2001) held this was **"overkill."** *Id.* at 535 (emphasis added). The court further held that asking the defense expert about the percentages of his forensic practice versus his usual practice, the percentages of cases that involve plaintiffs versus defendants, and the percentage of his income that comes from forensic work versus his clinical practice was sufficient information from which the jury could assess any possible bias. *Id.* at 536-36. The court found that it was not necessary for the expert to

DEFENDANTS' MOTION FOR PROTECTIVE ORDER - 3
S:\WP\CASES\4830\PLEADINGS\protective.order.wpd

BURGESS FITZER, P.S.
ATTORNEYS AT LAW
1145 BROADWAY STREET, SUITE 400
TACOMA, WASHINGTON 98402-3584
(253) 572-5324   FAX (253) 627-8928

produce the specific dollar amounts.

The *Behler* decision contains an excellent discussion of the reasons why production of personal and financial documents from an expert is overkill.

> While there may be cases in which an expert's gross income, and the specific amounts thereof earned by providing services as an expert witness, may be discoverable, this should not be ordered routinely, without a showing, absent here, why less intrusive financial information would not suffice. Most people are sensitive about their income, and who knows the details about it. By their very nature, expert witnesses are knowledgeable of information that is scientific, technical, or specialized, generally acquired by long, hard study and experience. When asked to provide expert testimony, they are in a position to request compensation that matches their qualifications, which can seem shockingly high to those not familiar with the costs of modern litigation. Moreover, in the post-*Daubert/Kumho Tire* era, and in light of the Rule 26(a)(2) disclosure requirements and the recent changes to Rules 702 and 703, counsel increasingly are more selective in who they ask to be expert witnesses, knowing that they will be subject to the utmost scrutiny. Those who pass muster likely will be able to command fees commensurate with their skill and experience, which may, to a lay member of the jury, appear exorbitant, when in fact what was charged is the going rate. Rule 26(a)(2)(B) requires disclosure of the compensation received by a retained expert in the particular case at issue, and counsel routinely bring this out during cross-examination when questioning an opposing expert witness. However, permitting routine disclosure of the expert's gross compensation, from all sources--including those unrelated to litigation activities--would provide the jury with little information relevant to a fair assessment of the expert's credibility, while concomitantly introducing the real possibility of creating confusion, distraction and even prejudice. Nor is the trial of a case facilitated if a party sponsoring an expert attempts to draw the possible sting of expert compensation by attempting to prove that what his or her expert charges is within the norm, as this opens the door for collateral issues that could further distract the jury.

199 F.R.D. at 561-62. *Accord Marron v. Stromstad*, 123 P.3d 992 (Alaska 2005) (holding that the experts' testimony regarding their litigation services and amounts of compensation was sufficient); *Elkins v. Syken*, 672 So.2d 517, 522 (Fla. 1996) (endorsing a "reasonable balance between a party's need for information concerning an expert witness's potential bias and the witness's right to be free from burdensome and intrusive production requests."); *Wrobleski v. Lara,* 353 Md. 509, 727 A.2d 930 (1999)(holding that harassment of expert witnesses through a wholesale rummaging of their personal and financial records under the guise of seeking impeachment evidence will not be permitted).

DEFENDANTS' MOTION FOR PROTECTIVE ORDER - 4
S:\WP\CASES\4830\PLEADINGS\protective.order.wpd

BURGESS FITZER, P.S.
ATTORNEYS AT LAW
1145 BROADWAY STREET, SUITE 400
TACOMA, WASHINGTON 98402-3584
(253) 572-5324   FAX (253) 627-8928

1   The plaintiffs have not made any showing as to why this case warrants production of the
2   requested information. Although the plaintiffs believe that Dr. Brady testifies primarily for the
3   defense, they will learn at his deposition that he is often employed by plaintiffs as an expert. The
4   defendants agree that the plaintiffs can inquire of Dr. Brady the percentage of his practice
5   comprises forensic work and the percentage of his gross income is derived therefore. Dr. Brady
6   expects and is prepared to discuss the cases in which he provided expert services within the past
7   four years, the percentage of his gross income that is derived from forensic services versus his
8   medical practice, and the percentages of when he provides expert services for plaintiffs versus
9   defendants. This information will give plaintiff more than sufficient fodder for cross examination and
10  the jury sufficient information to assess Dr. Brady's possible bias. Requiring more will unnecessarily
11  invade Dr. Brady's privacy, force the defendants to seek similar information from plaintiffs' experts
12  thereby extending the trial with completely collateral and unimportant evidence to the primary issues
13  in the case, and confuse the jury.

### III. CONCLUSION.

15  For the reasons set forth herein, plaintiffs' requests for Dr. William Brady's personal and
16  financial information is beyond the scope of discovery intended by Rule 26. Dr. Brady's response
17  to questions pertaining to the percentages of his forensic practice and income provides sufficient
18  information for the plaintiffs and the jury to assess the potential for any bias. The defendants seek
19  a protective order pursuant to Fed. R. Civ. P. 26(c)(1) preventing the production of the documents
20  sought by plaintiffs in their Notice of Deposition to Dr. Williams Brady.

21  Dated this 25th day of May 2006.

22                              BURGESS FITZER, P.S.

24                              *[signature]*
                                PAULA T. OLSON, WSBA#11584
                                Of Attorneys for Defendants

DEFENDANTS' MOTION FOR PROTECTIVE ORDER - 5
S:\WP\CASES\4830\PLEADINGS\protective.order.wpd

BURGESS FITZER, P.S.
ATTORNEYS AT LAW
1145 BROADWAY STREET, SUITE 400
TACOMA, WASHINGTON 98402-3584
(253) 572-5324   FAX (253) 627-8928

# CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. I hereby certify that no other parties are to receive notice.

*Paula T. Olson*
PAULA T. OLSON, WSBA No. 11584
Of Attorneys for Defendants
BURGESS FITZER, P.S.
1145 Broadway, Suite 400
Tacoma, Washington 98402
Telephone: (253) 572-5324
Fax: (253) 627-8928
E-mail: paulao@burgessfitzer.com

DEFENDANTS' MOTION FOR PROTECTIVE ORDER - 6
S:\WP\CASES\4830\PLEADINGS\protective.order.wpd

BURGESS FITZER, P.S.
ATTORNEYS AT LAW
1145 BROADWAY STREET, SUITE 400
TACOMA, WASHINGTON 98402-3584
(253) 572-5324    FAX (253) 627-8928