UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL BRANNAN, individually, as Administrator of the estate of BARBARA BRANNAN, deceased, and as Parent and Natural Guardian for his minor children STEPHANIE BRANNAN and RHIANNON BRANNAN,<br><br>  Plaintiffs,<br><br>  v.<br><br>NORTHWEST PERMANENTE, P.C.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; MINDY ROTHBARD, M.D.; and MIKE G. LIN, M.D.,<br><br>  Defendants. | Case No. C05-5157FDB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER IN PART RE SLAVIN DEPOSITION and MOOT RE 30(b)(6) DEPOSITION |

This is a wrongful death and survival action brought by the surviving members of the Brannan family for the loss of Barbara Brannan, wife and mother. Mrs. Brannan was 39 years of age and allegedly died suddenly as a result of the medical malpractice of the defendant doctors at her HMO, who improperly prescribed amphetamine salts in disregard for the cardiac conditions clearly contained in the medical records.

Defendants (hereafter Northwest Permanente) seek a protective order pursuant to Fed. R.

ORDER - 1


Civ. P. 26(c)(1) for two purposes:    (1)  limiting production of documents listed in Plaintiffs' Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) and (2) preventing the deposition of Dr. Richard Slavin, a consulting expert for Defendants who is not expected to testify at trial.

**Deposition Pursuant to Fed. R. Civ. P. 30(b)(6)**

In Plaintiffs' Notice of Deposition of Defendant Kaiser Permanente, pursuant to Fed. R. Civ. P. 30(b)(6), the notice, in summary sought designation of persons knowledgeable to testify on all policies, procedures, and protocols concerning prescriptions of controlled medications (such as amphetamines) under Washington and/or Federal law by Kaiser HMO staff psychiatrists as well as practices, policies, and protocols concerning training and supervision of Kaiser HMO staff physicians and psychiatrists.  The Notice also requested any written documents for any policies, procedures, and protocols for the time of Mrs. Brannan's death up to the date of the deposition.

Defendant Northwest Permanente objects to producing the above information arguing that it is beyond the claims and defenses in this case because it requests more than information about the "controlled substance" in this case, amphetamine, and because there is no allegation in the complaint that defendants violated federal or state law in the prescription of Adderall to Mrs. Brannan. Defendant concludes that the request is oppressive and burdensome, as it would require many people involved in hours of searching.  Defendant asks for a protective order to limit the Plaintiffs' inquiries to amphetamine combination salts, including Adderall, which is the subject of this lawsuit.

Northwest Permanente at first stated that they intend to present Norm Muilenberg as their agent to respond to any and all questions about the use of Adderall at Northwest Permanente and do not intend to produce any other agent to respond to the remainder of Plaintiffs' Notice.  However, subsequently, Northwest Permanente stated that they will have Dr. Lauretta Young, Director of the Mental Health Department to address the supervision of psychiatrists and Mr. Norm Muilenberg to discuss the policies and procedures for the prescription and distribution of amphetamine salts.

Plaintiffs Brannans did not object to Northwest Permanente's stated intentions regarding the

ORDER - 2

30(b)(6) deposition in their surreply.  Therefore, the Court will take it that the matter is resolved and the motion in this respect is moot.

**Deposition of Dr. Slavin**

Northwest Permanente argues that Plaintiffs are not entitled to depose a retained, non-testifying expert without a showing of exceptional circumstances, citing Fed. R. Civ. P. 26(b)(4)(B). Northwest Permanente also argues that Dr. Richard Slavin, its consulting, non-testifying expert, cannot categorized as a Rule 35 examiner because a Rule 35 examination can take place only on court order or stipulation when the physical or mental condition of a party is in issue, and there was no such order or stipulation for a Rule 35 examination by Dr. Slavin.  Northwest Permanente has named Dr. William Brady who will testify regarding his expert opinions on the autopsy findings and conclusions.  Moreover, Plaintiffs have their own experts: Dr. Clifford Nelson who performed the autopsy and Dr. Judy Melinek, who will give her opinions on the autopsy and its findings and conclusions.

Plaintiffs argue that they are entitled to inquire into Dr. Slavin's examination of tissue samples and slides of the decedent and the results of that examination pursuant to Fed. R. Civ. P. 35(b) under the analysis presented in *Coates v. AC & S, Inc.*, 133 F.R.D. 109 (E.D. La. 1990).  The parties agree that tissue slides from decedent's body in this case were part of the autopsy examination by Dr. Brady. Plaintiffs argue that the same arguments that Defendants are making here are the same arguments that failed in *Coates* where the court concluded:

> The Court finds that the exceptional circumstances contemplated by Rule 26(b)(4)(B) are present in this situation.  Moreover, the Court finds that a pathologist's or other expert's examination of tissue samples taken form the body of a person who is now deceased is sufficiently analogous to an examination under Rule 35(b) so that all parties have a right to the type of information set forth in that rule.

*Id.* at 110.

In *Coates*, there was no autopsy, but tissue samples were taken.  On this point, the Court in *Coates* stated:

ORDER - 3

> It is clear that if an autopsy had been performed in this matter pursuant to Rule 35(a), then under Rule 35(b), each doctor so participating would be required to disclose his conclusions. The Court finds no logical distinction between that result and the one plaintiffs seek. The fact that discovery in this matter is conducted by the sending of tissue samples rather than by autopsy should not dictate whether the findings of the doctors participating should be revealed.

*Coates*, 133 F.R.D. at 111. In reaching this decision, the Court acknowledged its effort to curtail the "shopping" of tissue samples for the most favorable opinion. *Id.* at 110.

Northwest Permanente asserts that no such "shopping" has occurred by the Defendants, and that this case is different than the situation in *Coates* because there has been an autopsy in this case. Northwest Permanente sought information from Dr. Slavin about his views of the autopsy, its findings, and assistance in understanding the autopsy process and findings, which is within the meaning of the term "consultant." Accordingly, argues Northwest Permanente, Plaintiffs, should have no access to Dr. Slavin.

Because the Brannans have failed to show "exceptional circumstances" entitling them to depose Dr. Richard Slavin, Northwest Permanente's consulting expert pursuant to Fed. R. Civ. P. 26(b)(4). There has been an autopsy in this case and each party has employed its experts to review the autopsy report. Under these circumstances, the Federal Rules do not require a party's consulting expert to be deposed.

NOW, THEREFORE, IT IS ORDERED: Defendants' Motion for a Protective Order [Dkt. # 62] is GRANTED IN PART and Plaintiffs may not depose Defendants' consulting expert Dr. Richard Slavin. The Fed. R. Civ. P. 30(b)(6) issue is MOOT. As the Court considered the parties' surreplies, Plaintiff's Motion for Leave To File Surreply [Dkt. # 67] is GRANTED.

DATED this 28th day of June, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4