```
____ FILED        ____ ENTERED
____ LODGED       ____ RECEIVED

        JUL 13 2006        DB

          AT SEATTLE
    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                       DEPUTY
```

IN THE
UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASH. AT SEATTLE

| | |
|---|---|
| **MICHAEL BRANNAN, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF BARBARA BRANNAN, DECEASED**<br><br>Plaintiff/Petitioner<br><br>vs.<br>**NORTHWEST PEREMANENTE, P,.C.,; ET AL.,**<br><br>Defendant/Respondent | Hearing Date: 06/30/2006<br><br>CAUSE NO. **C05 05157 FDB**<br><br>DECLARATION OF SERVICE OF:<br>**SUBPOENA IN A CIVIL CASE; LETTER** |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **7th day of June, 2006, at 2:31 PM**, at the address of **2801 N GANTENBEIN Avenue , PORTLAND, Multnomah(P)** County, **OR 97227**; this declarant served the above described documents upon **RICHARD SLAVIN, M.D.,, CHIEF ANATOMIC PATHOLOGY,** by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with **Lydia Ripley, Dr. Slavin's assistant, Asian female, approx. 43yroa, 4'11, 105lbs., brown hair and glasses.**

No Information was provided or discovered that indicates that the subjects served are members of the U.S. military.

Declarant hereby states under penalty of perjury under the laws of the State of **Washington** that the statement above is true and correct.

DATED this **10th day of July, 2006.**

*Karen Rider* (signature)
**Karen Rider**

ABC's Client Name
**Gordon, Murray & Tilden**
1491

ORIGINAL PROOF
SERVICE

05-CV-05157-CERT

AO 88 (Rev. 1/94) subpoena in a Civil Caw

## Issued by the
## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON

Michael Brannan, Individually, as Administrator of the estate of Barbara Brannan, Deceased

V.

Northwest Permanente, P.C. et al.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1]

C05 05157 FDB

TO:  Richard Slavin M.D.
     Chief Anatomic Pathology
     Emanuel Hospital
     2801 N. Gantenbein Avenue
     Portland, OR  97227

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Emanuel Hospital, 2801 Gantenbein Ave., Portland, Oregon | 6/30/06, 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents concerning a pathology report and evaluation performed on Barbara Brannan.

| PLACE | DATE AND TIME |
|---|---|
| Emanuel Hospital, 2801 Gantenbein Ave., Portland, Oregon | 6/30/06, 9:00 a.m. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_ Attorney for Plaintiff | 5/16/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jeffrey I. Tilden, Gordon Murray Tilden LLP, 1001 4th Ave., Suite 4000, Seattle, WA 98154-1007

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED: | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D;

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.