UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL BRANNAN, individually, as Administrator of the estate of BARBARA BRANNAN, deceased, and as Parent and Natural Guardian for his minor children S.B. and R.B.,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST PERMANENTE, P.C.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; MINDY ROTHBARD, M.D.; and MIKE G. LIN, M.D.,<br><br>Defendants. | Case No. C05-5157FDB<br><br>ORDER GRANTING PLAINTIFFS LEAVE TO FILE THIRD AMENDED COMPLAINT |

Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs timely move to file a Third Amended Complaint to conform to the evidence developed in discovery. Grounds for denying leave to amend include bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). "The nonmoving party bears the burden of demonstrating why the amendment should not be granted." *Senza-Gel Corporation et al. v. Steiffhart, et al.,* 803 F.2d 661, 666 (Fed. Cir. 1986).

Defendants object to allowing amendment for three reasons, which will be addressed in turn.

ORDER - 1

(a) The Third Amended Complaint inserts the name of an improper corporate entity.

Defendants state that, at the time the Second Amended Complaint was filed , they advised Plaintiffs of the proper corporate entities, Northwest Permanente P.C. and Kaiser Foundation Health Plan; but throughout the Third Amended Complaint, Plaintiffs refer to Kaiser Permanente.

Plaintiffs point out that the term "Kaiser Permanente" was used throughout the Second Amended Complaint as well, that Paragraph 7 clarifies the relationships between Kaiser Permanente and the defendant entities.

The Court does not see this as a basis to deny amendment, particularly since the Amended Complaint in Paragraph 6 indicates that "Kaiser Permanente" is the collective reference to the Defendant entities.

(b)   The Third Amended Complaint adds only confusing and evidentiary statements lacking foundation in the facts of the case or in the applicable law.

Plaintiffs urge that the effect of the amendment is to delete the references to the off-label prescription usage and to clarify the other remaining grounds of negligence, all of which were set forth in the prior complaint.  The Third Amended Complaint adds new details concerning the allegations of Dr. Rothbard's negligence, and deletes details that will not be part of Plaintiffs' claims.

In the Court's view, these changes to not arise to a basis to disallow amendment.

(c) The Third Amended Complaint violates Fed. R. Civ. P. 8(a) in failing to be a short, plain statement of the claim that provides grounds for relief.

Plaintiffs argue that this wrongful death case premised on medical malpractice and alleging eight counts, is far different from the only Ninth Circuit case cited by Defendants where the court concluded that there were fifty-five pages of exhaustive details and excessive verbiage in a case where the elements and factual context were simple.

Here, as well, the Court does not find a basis to disallow Plaintiffs filing a Third Amended Complaint.

ORDER - 2

1  NOW, THEREFORE, IT IS ORDERED: Plaintiffs' Motion for Leave to File Amended
2  Complaint [Dkt. # 72] is GRANTED.

4  DATED this 17th day of August, 2006.

        *[signature]*

        FRANKLIN D. BURGESS
        UNITED STATES DISTRICT JUDGE

ORDER - 3