The Honorable Franklin D. Burgess

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL BRANNAN, Individually, as Administrator of the estate of BARBARA BRANNAN, Deceased, and as Parent and Natural Guardian for his minor children S.B. and R.B.,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST PERMANENTE, P.C.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; MINDY ROTHBARD, M.D.; and MIKE G. LIN, M.D.,<br><br>Defendants. | NO. C05 05157 FDB<br><br>PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RE: MIKE G. LIN, M.D.<br><br>**NOTE ON MOTION CALENDAR:**<br>**September 22, 2006** |

## I.   RELIEF REQUESTED

Plaintiffs' request defendants produce Dr. Mike G. Lin's physician compensation contract with Kaiser for the time he treated Mrs. Brannan in 2001-2002, and any other documents that concern Dr. Lin's entitlement to any bonuses, and how any such bonus was calculated.

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RE: MIKE G. LIN, M.D. - 1
No. C05 05157 FDB

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## II.     STATEMENT OF RELEVANT FACTS

This case involves the prescription to, and ingestion by, Barbara Brannan of Adderall/amphetamine salts in June of 2002. Plaintiffs allege the ingestion of amphetamine salts caused Mrs. Brannan's untimely death and have filed this wrongful death action against her physicians and their employer, Kaiser Permanente, accordingly.

Dr. Mike G. Lin, Mrs. Brannan's primary care physician, noted from his review of her prior medical records that she had an irregular ECG, in 2001 before she became a Kaiser member (patient), due to a left bundle branch block. Mrs. Brannan came to see Dr. Lin at Kaiser in April 2002 complaining she was suffering from dizziness. Her chart indicated abnormal vital signs, including elevated blood pressure and heart rate. Despite these warning signs and her medical history, Dr. Lin failed to order an evaluation of Mrs. Brannan's cardiovascular condition and possible heart pathology.[1]

The failure to refer Mrs. Brannan for a cardiologist evaluation and testing became all the more glaring when Dr. Mindy Rothbard, a Kaiser staff psychiatrist, in June 2002 prescribed amphetamine salts, a powerful stimulant, for which pre-existing cardiovascular symptoms and diseases were a recognized contraindication that could, and did, result in Mrs. Brannan's death. After taking the medication for just over one month, Mrs. Brannan suffered cardiac dysrhymythia and died while on an outing with her family.

HMOs, like Kaiser Permanente, frequently have an incentive system in place discouraging staff physicians from making referrals and ordering diagnostic tests. If Dr. Lin's physician compensation contract with Kaiser included such incentives, this provides an

---

[1] On July 16, 2002, an autopsy of Mrs. Brannon revealed pre-existing myocardial fibrosis. The autopsy report noted Mrs. Brannan died from myocardial fibrosis and amphetamine effect. The medical examiner also noted Mrs. Brannan has mild dilated cardiomyopathy; specifically interstitial and perivascular myocardial fibrosis.

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RE: MIKE G. LIN, M.D. - 2
No. C05 05157 FDB

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

explanation for Dr. Lin's, and Kaiser's, failure to conduct an obviously indicated necessary cardiac work-up for Mrs. Brannan.

At Dr. Lin's deposition on September 8, 2005, plaintiff's counsel attempted to determine if Dr. Lin's employment contract with Kaiser, at the time he saw Mrs. Brannan, contained such an incentive provision. Defense counsel instructed the witness not to answer questions pertaining to physician compensation. This instruction was in violation of this court's order of March 14, 2005 whereby it was noted "directions to the deponent not to answer are improper" and the court provided only very specific exclusions to this rule. Defense counsel initially objected to plaintiffs' line of questioning because "[w]e're not going into physician compensation at all. It's not an issue in this lawsuit." (Exhibit A Lin Deposition, p.97 at 19-21).[2] Defense counsel later corrected herself after being informed of the court's order and withdrew her objection, however counsel continues to refuse to produce Dr. Lin's contract.[3]

If Dr. Lin's eligibility for certain bonuses in 2001-2002 was dependant on the number of referrals he made and tests he ordered, it would be clearly relevant to this case, as it provides an explanation for why the needed cardiac evaluation was not done. If there were no such incentive provision in place for Dr. Lin from 2001-2002, then production of Dr. Lin's compensation contract (in discovery) would not prejudice defendants.

---

[2] Exhibits are attached to the declaration of Jack Meyerson, filed herein.
[3] After counsel withdrew her objection, Dr. Lin testified he did not know whether a referral would affect his compensation, however he never answered the question as to whether his entitlement to bonuses was recorded in a written document or not. (See Exhibit B Lin Dep. p. 100-101).

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RE: MIKE G. LIN, M.D. - 3
No. C05 05157 FDB

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### III. STATEMENT OF ISSUES

The court should order the production of Dr. Lin's compensation contract, and bonus incentives, for 2001-2002 because it is not protected by any privilege and is highly relevant to the facts of this case.

### IV. LEGAL DISCUSSION

This motion concerns discoverability of evidence, not the admissibility of evidence at trial, and the scope of such discovery in federal court is very broad. Epstein v. MCA, Inc., 54 F.3d 1422, 1423 (9th Cir. 1995). Federal Rule of Civil Procedure 26(b)(1) provides, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." This rule is to be considered broadly, to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978). For purposes of discovery, relevant information is "information reasonable calculated to lead to the discovery of admissible evidence." Surfvivor Media, Inc. v Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005). "Relevance under Rule 26(b)(1) is defined more broadly than relevance for evidentiary purposes, and discoverable information need not be admissible at trial." Branco v. Life Care Centers of America, 2006 U.S. Dist. LEXIS 28677, *citing to* Shoen v. Shoen, 5 F.3d 1289, 1299-1300 (9th Cir. 1993).

Once at trial, Federal Rule of Evidence 403 further provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...". Assessing whether relevant evidence should be excluded under Rule 403 requires a comparison of the probative value of the evidence to the articulated reasons for exclusion. United States v. Hankey, 203 F.3d 1160, 1172 (9th. Cir. 2000). Rule 403 "permits

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RE: MIKE G. LIN, M.D. - 4
No. C05 05157 FDB

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

exclusion only if one or more of those reasons 'substantially outweigh' the probative value. Id. (quoting Fed. R. Evid. 403). Defendants have never claimed any such privilege or other resultant prejudice from production of Dr. Lin's contract and bonus incentives.

Dr. Lin's contract and bonus incentives are highly relevant to this matter and therefore discoverable under Fed. R. Evid. 26(b)(1). Should Plaintiffs choose to submit the contract at time of trial as an exhibit, defendants will have the opportunity to object and the court will make the appropriate Fed. R. Evid. 403 "probative v. prejudicial" determination. However at this stage in the proceedings, the contract should be produced so that plaintiffs may discover if the Kaiser organization sought to minimize cardiology referrals and workups through their physician compensation contracts and bonus incentives.

## V.    CONCLUSION

The court should grant plaintiffs' motion and order production of Dr. Mike G. Lin's employment compensation contract with Kaiser for 2001-2002, and any other documents that pertain to bonuses and how such bonuses were to be calculated, because these documents are not privileged and are highly relevant to this matter.

///

///

///

///

///

///

///

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RE: MIKE G. LIN, M.D. - 5
No. C05 05157 FDB

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 1st day of September, 2006.

          **GORDON MURRAY TILDEN LLP**

          By _____
          Jeffrey I. Tilden, WSBA #12219
          Attorneys for Plaintiff

          **MEYERSON & O'NEILL**

          By _____
          Jack A. Meyerson
          1700 Market Street, Suite 2632
          Philadelphia, PA  19103
          215-972-1376
          (Fax) 215-972-0277
          jmeyerson@meyersonlawfirm.com

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RE: MIKE G. LIN, M.D. - 6
No. C05 05157 FDB

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

## VI. CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Connie Elkins McKelvey<br>Hoffman Hart & Wagner LLP<br>1000 SW Broadway, Suite 2000<br>Portland, OR 97205<br>Telephone: 503-222-4499<br>Facsimile: 503-222-2301<br>E-Mail: CEM@hhw.com | Paula T. Olson, WSBA #11584<br>Burgess Fitzer, P.S.<br>1145 Broadway, Suite 400<br>Tacoma, WA 98402-3583<br>Telephone: 253-572-5324<br>Facsimile: 253-627-8928<br>E-mail: paulao@burgessfitzer.com |

**GORDON MURRAY TILDEN LLP**

By: s/ Jeffrey I Tilden
    Jeffrey I. Tilden, WSBA #12219
    Attorneys for Plaintiff
    1001 Fourth Avenue, Suite 4000
    Seattle, WA 98154-1007
    Telephone: (206) 467-6477
    Facsimile: (206) 467-6292
    Email: jtilden@gmtlaw.com

No. C05 05157 FDB

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292