UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL BRANNAN, individually, as Administrator of the estate of BARBARA BRANNAN, deceased, and as Parent and Natural Guardian for his minor children S.B. and R.B.,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST PERMANENTE, P.C.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; MINDY ROTHBARD, M.D.; and MIKE G. LIN, M.D.,<br><br>Defendants. | Case No. C05-5157FDB<br><br>ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND LEAVE TO TAKE DEPOSITIONS |

**INTRODUCTION**

Plaintiffs Brannan move to compel the production of all Kaiser Permanente Regional Formulary and Therapeutics Committee records, including meeting minutes, and particularly the January 1999 meeting (at which the acquisition of amphetamine salts by Kaiser for prescription use was discussed) referenced during Norman Muilenberg's June 27, 2006 deposition. Norman Muilenberg, a corporate designee from Kaiser Permanente, was instructed not to answer certain questions, citing Oregon Statute 41.675.[1] Among other questions, Mr. Muilenberg was asked "Was it discussed at the meeting of the [Kaiser] regional formulary and therapeutics committee as to

---

[1] All relevant portions of this statute are set forth in Defendants' Response and will not be repeated here.

ORDER - 1

whether [Adderall] was being stocked and available for off-label uses?" Mr. Muilenberg was also asked whether the danger of abuse of amphetamine salts was discussed at the formulary committee meeting and whether the committee satisfied itself that it was a good pharmaceutical practice to prescribe off-label use of controlled substance amphetamine salts prior to June 2002.

## A<small>RGUMENTS</small>

Plaintiffs argue that the Federal discovery rule, 26(b)(1) is to be considered broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) and that the discoverable information need not be admissible at trial, *Branco v. Life Care Centers of America*, 2006 U.S. Dist. LEXIS 28677, *citing, Shoen v. Shoen*, 5 F.3d 1289, 1299-1300 (9th Cir. 1993).

Plaintiffs argue that the documents sought are relevant because at the time amphetamine salts were prescribed to Mrs. Brannan (June 2002) the use of such amphetamine salts to treat ADD/ADHD had not been approved by the Food and Drug Administration for use by adults. Plaintiffs argue that they have asserted an institutional claim against Kaiser, and in evaluating decisions of Kaiser as an institution Plaintiffs have a right to determine whether Kaiser was conscious of the safety of this medication for its members and what policies and procedures Kaiser implemented to comply with the laws regulating the use of controlled substances and to insure that if amphetamines were to be prescribed to Kaiser members (patients), such use was properly controlled and safely utilized.

Plaintiffs argue that the Oregon statute cited by Defendants does not apply because Kaiser Permanente's Regional Formulary and Therapeutics Committee is not connected with the professional training, supervision, or discipline of medical staff and does not meet the peer review or data definitions.

Defendants disagree that Oregon Statute 41.675 applies only to disciplinary matters.

ORDER - 2

1  Defendants argue that the definition of "peer review body" squarely applies to the formulary
2  committee as it is a committee of the medical group or provider of medical services conducting bona
3  fide medical research, quality assurance, and utilization reviews. Defendants point out that the
4  statute protects the deliberative process of committee members. *See, e.g., Straube v. Larson*, 287
5  OR 357, 361-62, 600 P.2d 371 (1979).

## DISCUSSION

Plaintiffs' reasoning on its motion to compel lacks merit, as they read the Oregon Statute too narrowly. In *Straube*, the Plaintiff took a similar stance and argued that the statute applied only to "tissue committees." *Id.* at 363. The Court noted regarding tissue committee discussions, which meet to discuss the treatment of patients: "The discussions at such committee meetings, to be of any value, must be frank, even brutal, and if the discussions of the staff at such meetings were admissible in malpractice actions or other litigation, they would probably not be as frank." The Court went on to acknowledge that the legislative history shows that the chief emphasis was on protecting the confidentiality of tissue committee discussions, but the Court continued:

> .... however, the history does not explain why the legislature went on to add "other medical staff committees in connection with the professional training, supervision or Discipline of the medical staff of hospitals \*\*\*. (Emphasis added.)  Had the legislature intended to protect only tissue committees, it need not have added the other language.

*Id.* The Court then went to preclude any person who testified at the medical staff committees at issue in the case (discipline) from being examined as to any communication made before that committee or the findings thereof. *Id.*

The Regional Formulary and Therapeutics Committee falls within the ambit of ORS 41.675: That statute, at Section (1) defined "peer review body" to include "tissue committees," as referenced in the *Straube* case above, as well as "governing bodies or committees including medical staff committees of a health care facility licensed under ORS chapter 441, ... or provider of medical services in connection with bona fide medical research, quality assurance, utilization review,

ORDER - 3

credentialing, education, training, supervision, ...." Analogizing to the reasoning in *Straube*, there was no need to add the other language regarding other medical staff committees if all that was intended to be covered was physician discipline matters as Plaintiffs herein argue. Moreover, and importantly, the questions directed to Mr. Muilenberg inquiring as to whether the Regional Formulary and Therapeutics Committee's discussions included – whether Adderall was being stocked and available for off-label uses, and whether the danger of abuse of amphetamine salts was discussed, and whether it was good pharmaceutical practice to prescribe an off-label use of the controlled substance amphetamine salts prior to June 2002 – are matters as deserving of confidentiality as tissue committees' or disciplinary committees' discussions. Medical staff should be allowed to speak frankly about what drugs to include in the institution's formulary and the therapeutic value of prescribing certain drugs for specific conditions without concern or fear that the discussions will be used in litigation. The value of keeping a formulary and therapeutic committee's discussions confidential ultimately is for the good of the patients in allowing drugs to be either added or withdrawn for good therapeutic reasons as well as for the protection of the institution in having full and frank discussions about the uses of available drugs. Defendants' argument that confidentiality is unnecessary because all information that they discuss is given to them by pharmaceutical manufacturers and is in the public domain fails because it is not the pharmaceutical manufacturers' information that Defendants seek – it is the <u>discussion</u> by the Formulary and Therapeutics Committee on which Defendants' questions focus.

## CONCLUSION

Therefore, pursuant to ORS 41.675 (1), the Regional Formulary and Therapeutics Committee is a covered "peer review body"; and all "data" including oral communications or written reports or notes of the Formulary and Therapeutics Committee are covered under Section (2); and the "data" is "privileged and shall not be admissible in evidence in any judicial, administrative, arbitration or mediation proceeding" under Section (3) of the Statute.

ORDER - 4

ACCORDINGLY, IT IS ORDERED: Plaintiffs' Motion To Compel Production of Documents and Leave To Take Depositions [Dkt. # 105] is DENIED.

DATED this 27th day of September, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5