1

2          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
3                   AT TACOMA

4   MICHAEL BRANNAN, individually, as
    Administrator of the estate of BARBARA
5   BRANNAN, deceased, and as Parent and
    Natural Guardian for his minor children S.B.
6   and R.B.,                                      Case No. C05-5157FDB

7              Plaintiffs,                          ORDER DENYING PLAINTIFFS'
                                                    MOTION TO COMPEL
8          v.                                       PRODUCTION OF DOCUMENTS
                                                    RE: MIKE G. LIN, M.D.
9   NORTHWEST PERMANENTE, P.C.;
    KAISER FOUNDATION HEALTH PLAN OF
10  THE NORTHWEST; MINDY ROTHBARD,
    M.D.; and MIKE G. LIN, M.D.,
11
               Defendants.
12

13                          **INTRODUCTION**

14         Plaintiffs move to compel production of certain documents regarding Mike G. Lin, M.D.,

15  Mrs. Brannan's primary care physician.  Plaintiffs argue that Dr. Lin failed to order an evaluation of

16  Mrs. Brannan's cardiovascular condition and possible heart pathology.  Plaintiffs contend that

17  HMOs, like Kaiser Permanente, frequently have an incentive system in place discouraging staff

18  physicians from making referrals and ordering diagnostic tests.  Plaintiffs argue that their attempt at

19  Dr. Lin's deposition to determine whether his employment contract contained such an incentive

20  provision was appropriate and the Court should order the production to Plaintiffs of Dr. Mike G.

21  Lin's employment compensation contract with Kaiser for 2001-2002 as well as any other documents

22  that pertain to bonuses and how such bonuses were to be calculated because the documents are not

23  privileged and are highly relevant to this matter.

24         Defendants respond that Dr. Lin's deposition focused on the reasons why he did not refer

25  Mrs. Brannan to a cardiologist for evaluation and testing.  At the deposition, Dr. Lin responded to

26  ORDER - 1

1   questions about any bonus that he did not know how his bonus is determined, and the question of a

2   bonus was irrelevant to his determination of whether to make a referral for tests on a particular

3   patient and the decision was determined on the basis of what the patient required.   Defendants argue

4   inquiry into Dr. Lin's financial matters should be precluded as it amounts to annoyance or

5   embarrassment under Fed. R. Civ. P. 26 and also that such inquiry is not likely to lead to

6   discoverable information.  Defendants argue that motive is not relevant in a medical malpractice

7   claim, *Rogers v. Meridian Park Hospital*, 307 Or. 612, 619 (1989), where the fundamental issue is

8   whether the defendant breached the standard of care and caused injury to the plaintiff, regardless of

9   what the defendant's state of mine was.  Defendants cite authorities form other jurisdictions for this

10   principle as well:  *Bearden v. Hamby*, 608 NE. 2nd 282, 285, *review denied*, 642 NE. 2d 759 (Ill.

11   App. 1992); *Pulvers v. Kaiser Foundation Health Plan*, 99 Cal. App. 3rd 560, 160 Cal. Reporter 392

12   (1979).

13       Defendants also argue that this motion is an attempt to bring up the now dismissed managed

14   care or health plan liability claims within the scope of ERISA and that this motion to compel was

15   filed on September 1, 2006, outside the discovery deadline of August 14, 2006.

16   **DISCUSSION AND CONCLUSION**

17       Defendants' arguments are well taken, and Plaintiffs' motion to compel production of Dr.

18   Mike G. Lin's employment compensation contract with Kaiser for 2001-2002 as well as any other

19   documents that pertain to bonuses and how such bonuses were to be calculated must be denied.

20   Determination of whether Dr. Lin breached the standard of care will not be aided by reviewing his

21   employment contract.  As the Court in *Rogers* stated in excluding an "error-of-judgment"

22   instruction: "Medical malpractice cases are nothing more than negligence actions against medical

23   professionals.  The fundamental issue in these cases, as in all negligence cases, is whether the

24   defendant breached the standard of care and caused injury to the plaintiff." *Rogers, id.* at 619.   In

25   another medical malpractice case, the Court addressed an instruction that introduced the element of

26   ORDER - 2

1   good faith: "The introduction of that concept allows the jury to consider the motivations of the

2   defendants.  Such consideration has no place in an action for ordinary negligence." *Ellis v.*

3   *Springfield Women's Clinic, P.C.*, 67 Or. App. 359, 362, 678 P.2d 268 (1983).  An Illinois court

4   referred to *Ellis* on the introduction of motive into consideration of medical malpractice claims.  The

5   Court set forth the specific duty, breach, and causation elements and disallowed evidence of a

6   physician's financial incentives in a medical malpractice case as irrelevant:   "We are not required to

7   probe into defendants' motive in a medical malpractice claim.  Motive is not an element of this cause

8   of action.  The question is did [the doctor] deviate from the standard of care?  The reason or motive,

9   if any exists, is of no consequence." *Bearden v. Hamby*, 608 N.E. 2d 282, 285 *review denied*, 642

10  N.E. 2d 759 (Ill. App. 1992).  Finally, the court in *Pulvers v. Kaiser Foundation Health Plan*, 99

11  Cal. App. 3rd 560, 565 160 Cal. Reporter 392 (1979) stated:

12      The use of "incentive" plans is not only recommended by professional organizations
        as a means of reducing unnecessarily high medical costs, but that they are specifically
13      required by Section 1301 of the Health Maintenance Organization Act of 1973 (42
        U.S.C. § 300 (e)).  We can see in the plan no suggestion that individual doctors act
14      negligently or that they refrain from recommending whatever diagnostic procedures
        or treatments the acceptable standards of their profession require.
15

16  The foregoing authorities are persuasive that Dr. Lin's employment compensation contract with

17  Kaiser for 2001-2002, as well as any other documents that pertain to bonuses and how such bonuses

    were to be calculated, are irrelevant, and Plaintiffs' motion to compel their production must be
18
    denied.
19
            ACCORDINGLY, IT IS ORDERED: Plaintiffs' Motion To Compel Production of
20
    Documents Re: Mike G. Lin M.D. [Dkt. # 108] is DENIED.
21
            DATED this 27th day of September, 2006.
22

23

24      _____
        FRANKLIN D. BURGESS
25      UNITED STATES DISTRICT JUDGE

26  ORDER - 3