UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL BRANNAN, individually, as Administrator of the estate of BARBARA BRANNAN, deceased, and as Parent and Natural Guardian for his minor children S.B. and R.B.,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST PERMANENTE, P.C.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; MINDY ROTHBARD, M.D.; and MIKE G. LIN, M.D.,<br><br>Defendants. | Case No. C05-5157FDB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE EXPERT CAUSATION TESTIMONY |

Defendants move to exclude Plaintiffs' causation testimony on the grounds that it is speculative and unsupported by reliable science. The background facts of this case and the authorities regarding the admissibility of expert opinion testimony have been set forth in earlier orders and will be omitted here. The arguments regarding Defendants' motion to exclude Plaintiffs' experts regarding causation will be discussed below.

**Dr. Nicholas DePace, Cardiologist and Internist**

Defendants contend that Dr. DePace will testify on cross-examination that his opinions have

ORDER - 1

been excluded before because they were not based on reliable scientific theory, which Defendants argue is true in this case.  Additionally, Defendants first state that Dr. DePace opines that "the underlying mild cardiomyopathy with ventricular dilation and amphetamine was a significant contributing fact towards her demise."  Defendants argue that Dr. Depace then explains that amphetamines resemble a chemical called catecholamine and cites to the medical literature stating catecholamines are among a wide variety of drugs that "could cause various cardiovascular manifestations."

Plaintiffs argue that a prior court's decision is meaningless for this Court's determination of the admissibility of Dr. DePace's testimony in this case.  Plaintiffs argue that the medical literature upon which Dr. DePace bases his testimony are appropriate textbooks.

Defendant's motion appears to take issue with any opinion that a category of drugs "could" cause a certain effect, and to this extent Defendant's motion is well taken for the reason that the expert must testify to reasonable degree of medical certainty   Expert testimony may not be based on speculation or conjecture; an expert must testify to his or her conclusions to a "reasonable degree of medical certainty." *McLaughliin v. Cooke*, 112 Wash.2d 829, 836, 774 P.2d 1171 (1989).   Thus, Dr. DePace's opinions must be made with a reasonable degree of medical certainty, or they will be excluded.

**Dr. Judy Melinek, Pathologist**

Defendants take issue with Dr. Melinek's reported opinions that (1) "mixed amphetamine salts has been banned in Canada due to its association with sudden cardiac death, and is contraindicated in patients with structural cardiac abnormalities"; (2) "the autopsy findings of mild steatohepatitis (whose risk is increased in obesity), and the medical records documenting a history of renal failure, both suggest that routine monitoring of hepatic and renal function with simple blood and urine tests may have uncovered functional abnormalities which would affect the metabolism and excretion of drugs, such as amphetamines"; and (3) her concurrence with the Cowlitz County

ORDER - 2

Coroner's Office in attributing Ms. Brannan's death to amphetamine effect because her opinion does not clearly state that Adderall probably, or more likely than not, caused Barbara Brannan's death.

Plaintiffs respond that as an assistant medical examiner in San Francisco, Dr. Melinek routinely interprets toxicology reports and has determined the cause of death in thousands of cases. Plaintiffs point out that Dr. Melinek states that "the levels of amphetamines found in Mrs. Brannan's blood at the time of death are consistent with chronic amphetamine administration, that the level of amphetamine was sufficient to, and did cause her death due to the effect of the stimulant on her already-damaged heart, and that she did state that amphetamines (Adderall) probably or more likely than not caused Mrs. Brannan's death.

Defendant's motion is not well taken, and Dr. Melinek may testify as to her opinion as to cause of death as long as she so concludes with a reasonable degree of medical certainty.

**Dr. Howard Miller, Family Practitioner**

Defendants object to Dr. Miller's testimony which reiterates the autopsy finding that Mrs. Brannan's death was caused by amphetamine effect, and which further describes "cumulative potential side-effects" from amphetamines and Mrs. Brannan's other prescribed medications including narcotics. Defendants assert that Dr. Miller does not cite to any medical literature documenting the side-effects and linking the side-effects to Adderall as a cause of death.

Plaintiffs assert that there is no linking of "side-effects to Adderall" in Dr. Miller's report. Moreover, Plaintiff state that Dr. Miller's report is concerned only with rebutting Defendants' general practice expert, Dr. Nedrow and with the standard of care of Washington state physicians.

Defendants motion regarding Dr. Miller is not well taken and will be denied, as Dr. Miller will be testifying on the standard of care of a general practice physician in Washington.

**Dr. Clifford Nelson, Pathologist**

Dr. Nelson is the medical examiner who performed the autopsy on Mrs. Brannan. Defendants move to exclude Dr. Nelson's testimony which reads as follows: "Cause of Death:

ORDER - 3

Cardiac Dysrhythmia Due to: Myocardial fibrosis and amphetamine effect Manner of Death: Undetermined.[sic.]" (Olson Decl. Ex. D.)  Defendants argue for the exclusion on the basis that his Curriculum Vitae does not identify research regarding amphetamines and cardiac death.

Plaintiffs argue that this motion is frivolous, that Dr. Nelson's testimony is based on his evaluation independent of the litigation, and his curriculum vitae indicates more than adequate professional experience in forensic pathology.  Moreover, Dr. Nelson is aware that amphetamines cause dysrhythmia and that he frequently consults "Karch's Pathology of Drug Abuse," a general reference book coroners use.

Defendants' motion is not well taken.  Dr. Nelson is entitled to testify based on his professional experience in forensic pathology as to the cause of Mrs. Brannan's death.

NOW, THEREFORE, IT IS ORDERED: Defendants' Motion to Exclude Expert Causation Testimony [Dkt. # 82] is GRANTED in part and DENIED in part as set forth above.

DATED this 28th day of September, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4