The Honorable Franklin D. Burgess

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL BRANNAN, Individually, as Administrator of the estate of BARBARA BRANNAN, Deceased, and as Parent and Natural Guardian for his minor children S.B. and R.B.,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST PERMANENTE, P.C.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; MINDY ROTHBARD, M.D.; and MIKE G. LIN, M.D.,<br><br>Defendants. | NO. C05 05157 FDB<br><br>PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE |

Plaintiffs respond to defendants' specific requests in Limine as follows:

1. No objection.

2. No objection.

3. No objection.

4. Plaintiffs submit that such affidavits and/or reports may be used at trial, not as a substitute for trial testimony but to the extent permissible under the Federal Rules of Evidence.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS IN
LIMINE - 1
No. C05 05157 FDB

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Specifically, such affidavits or reports shall not be utilized in lieu of live witnesses but may be used for purposes of impeachment and rehabilitation consistent with the Federal Rules of Evidence.

5. Plaintiffs have no objection to a Motion to Preclude Experts from testifying as to what they would do in a particular case. Obviously this limitation is equally applicable to the defendants' expert witnesses. In fact, plaintiffs suggest that this request from defendants is consistent with Plaintiffs' Motion in Limine to Limit Testimony of Dr. Schillhammer, one of Mrs. Brannan's treating physician, who defendants have listed as a trial witness. Accordingly his testimony should be limited, as plaintiffs have requested, to the treatment he supplied. As further requested in plaintiffs' motion in limine he should be precluded from testifying as to what he would have done if he had seen the EKG from Harborview Hospital during the time when he was treating Mrs. Brannan.

6. No objection.

7. Plaintiffs have no objection to precluding lay opinion and testimony regarding the standard and care required by physicians from all non-physician witnesses. Plaintiffs assume that this applies equally to defendants' witnesses as well as plaintiffs' and that specifically this should preclude Ali Olyaei, a non-physician from opining, either directly or indirectly, as to whether Dr. Rothbard breached the standard of care in her prescription and refill of amphetamine salts for Barbara Brannan.

8. No objection. Plaintiffs' counsel is unaware of any specific evidence in this case to which this motion applies.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS IN
LIMINE - 2
No. C05 05157 FDB

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

9. Plaintiffs' counsel objects only to the extent that such matters may be fair argument and therefore permissible depending upon the testimony in the case. In any event, plaintiffs' counsel has no intention of referring to a "conspiracy of silence".

10. Plaintiffs' counsel agrees not to refer to the location of defendants' attorneys' offices and the number of attorneys in the firm of Hoffman, Hart & Wagner. To the same extent, this should preclude any reference by the Defendants to the location of plaintiffs' counsel offices in Philadelphia and New Jersey.

11. No objection.

12. No objection. Plaintiffs' counsel will so notify the Court before using.

13. Plaintiffs' counsel does not believe that there will be an issue as to withholding evidence from the case in chief and using it as rebuttal. Plaintiffs' counsel notes the Courts prior rulings with regard to the use of Dr. Miller as a rebuttal witness for this.

14. No objection.

15. Plaintiffs' counsel submits that this does not apply to any particular evidence or anticipated evidence in this case.

16. No objection.

17. Plaintiffs' counsel is aware of the Court's prior ruling with regard to Dr. Richard Slavin and has no intention to referring to him unless something occurs in the testimony of the defendants' pathologists that opens the door, in which case plaintiffs' counsel will raise the intended reference to Dr. Slavin with the Court prior to doing to before the jury.

18. Plaintiffs' counsel has no objection to sequestration of all expert and lay witnesses with the exception that certain family members of plaintiffs will be called and plaintiffs' counsel requests that they be allowed to sit in on the trial.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE - 3
No. C05 05157 FDB

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

19. Plaintiffs' counsel is unaware of any 404(b) witness with reference to evidence concerning Dr. Lin and Dr. Rothbard. Plaintiffs' counsel does object to the broad wording of this request in limine because the understanding as to what activities do or do not have a causal connection to the case may well differ from one advocate to another. Plaintiffs' counsel is unaware of any specific evidence in this case that plaintiffs' counsel intends to offer that has no such causal connection.

20. The Court has addressed this matter previously and obviously the Court's rulings are controlling.

21. Plaintiffs' counsel has no intention to refer to either the defendants or defendants' witnesses by their first name. Counsel suggests that how counsel refers to his own clients and their family members is a matter best left to the judgment of counsel.

22. No objection.

23. No objection.

24. No objection.

25. Plaintiffs' counsel is aware of the Court's prior ruling in this regard and obviously will abide.

26. No objection. This is not an issue in this case.

27. Prior to receiving defendants' objection to plaintiffs' exhibits, plaintiffs' counsel, as discussed with defendants' counsel, believed that it was unnecessary to call either Anne Gordon or Melissa Pemberton from the Washington State Toxicology laboratory. Paragraphs 29 through 31 of the admitted facts in the Pre-Trial Order provide:

> 29. In order to aid him in his autopsy, Dr. Clifford Nelson requested a Washington State Toxicology Report to determine what, if any, substances were contained in the decedent (Barbara Brannan) blood.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE - 4
No. C05 05157 FDB

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

30. The Washington State Toxicology report was performed on July 30, 2002.

31. The results of the Washington State Toxicology report which is plaintiffs' Exhibit 1 reflected the presence of caffeine and .06 mg/l of amphetamine in the decedent's blood.

28. Prior to defendants' objections, plaintiffs' counsel believed that it was unnecessary to have anyone from the Washington State crime lab testify for the purposes of authenticating the state toxicology report. Plaintiffs' counsel had previously told defendants' counsel that the only purpose for which such witnesses would have to appear would be to authenticate the toxicology report and he requested an agreement that to that effect. Again, plaintiffs' counsel thought that agreement was in hand, but then received defendants' objections to plaintiffs' exhibits, specifically Exhibit "1" which is the Washington State Toxicology Laboratory Report dated 7/30/02 referred to in the "admitted facts" to which defendants objected "authentic stipulated/admissibility disputed." Thus, defendants' position on the admissibility of the toxicology results is unclear. Plaintiffs' counsel submits that the report should be admitted based on counsels' prior understanding that it would not be necessary to call anyone from the Washington State Toxicology Laboratory to authenticate the report. Obviously, defendants' position in this regard needs to be clarified.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE - 5
No. C05 05157 FDB

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

```
 1
 2
```

DATED this ____16th____ day of November, 2006.

**GORDON MURRAY TILDEN** LLP

By _____/s/_____
Jeffrey I. Tilden, WSBA #12219
Attorneys for Plaintiff

**MEYERSON & O'NEILL**

By _____/s/_____
Jack A. Meyerson
1700 Market Street, Suite 2632
Philadelphia, PA 19103
215-972-1376
(Fax) 215-972-0277
jmeyerson@meyersonlawfirm.com

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE - 6
No. C05 05157 FDB

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Connie Elkins McKelvey
Hoffman Hart & Wagner LLP
1000 SW Broadway, Suite 2000
Portland, OR 97205
Telephone: 503-222-4499
Facsimile: 503-222-2301
E-Mail: CEM@hhw.com

Paula T. Olson, WSBA #11584
Burgess Fitzer, P.S.
1145 Broadway, Suite 400
Tacoma, WA 98402-3583
Telephone: 253-572-5324
Facsimile: 253-627-8928
E-mail: paulao@burgessfitzer.com

**GORDON MURRAY TILDEN LLP**

By_____/s/_____
Jeffrey I. Tilden, WSBA #12219
Attorneys for Plaintiff
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: jtilden@gmtlaw.com

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE - 7
No. C05 05157 FDB

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292