1                                                 The Honorable Franklin D. Burgess

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE WESTERN DISTRICT OF WASHINGTON

10                             AT TACOMA

| | | |
|---|---|---|
| 11 MICHAEL BRANNAN, Individually, as | ) | |
| Administrator of the estate of BARBARA | ) | |
| 12 BRANNAN, Deceased, and as Parent and | ) | No. C05-5157FDB |
| Natural Guardian for his minor children | ) | |
| 13 STEPHANIE BRANNAN and RHIANNON | ) | AFFIDAVIT OF CONNIE ELKINS |
| BRANNAN, | ) | MCKELVEY |
| 14 | ) | |
| Plaintiffs, | ) | |
| 15 | ) | |
| v. | ) | |
| 16 | ) | |
| NORTHWEST PERMANENTE, P.C.; | ) | |
| 17 KAISER FOUNDATION HEALTH PLAN | ) | |
| OF THE NORTHWEST; MINDY | ) | |
| 18 ROTHBARD, M.D.; and MIKE G. LIN, | ) | |
| M.D., | ) | |
| 19 | ) | |
| Defendants. | ) | |
| 20 | | |

21  STATE OF OREGON      )
                          ) ss.
22  County of Multnomah    )

23       I, CONNIE ELKINS McKELVEY., depose and say:

24        1.     I am one of the attorneys for defendants in connection with the above-referenced

25  matter and I make this affidavit upon my own personal knowledge unless otherwise indicated.

26  Certain portions of this affidavit make reference to my information and belief as to Mr. Donald

Page 1 -     AFFIDAVIT OF CONNIE ELKINS McKELVEY

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

1   Bowerman. Mr. Bowerman was out of state when our response to this motion was required. I

2   can and will obtain an affidavit from Mr. Bowerman upon his return.

3       2.      I am a medical defense attorney. As part of my professional responsibilities, I

4   regularly advise physicians regarding confidentiality and privilege issues. Further, I have

5   developed specialized knowledge regarding the Health Insurance Portability and Accountability

6   Act of 1996 (HIPAA) and regularly prepare and argue motions relating to *ex parte* contact with

7   treating physicians post  implementation of the patient privacy protection afforded by HIPAA.

8       3.      In December of 2005 I inquired whether I could meet privately with the medical

9   examiner who conducted the autopsy in lieu of a formal deposition. I informed Mr. Meyerson

10  that it was my understanding and experience that a medical examiner is not subject to any

11  privilege that would prohibit such contact. Further, a medical examiner or coroner is not subject

12  to the HIPAA privacy regulations. Indeed, I have met privately with Dr. Nelson in his capacity

13  as  medical examiner on numerous cases over the years.

14      4. Pertinent e-mail correspondence between Mr. Meyerson and me regarding my contact

15  with Dr. Nelson is attached and highlighted. (Ex. A). In an e-mail response to previous inquiries

16  regarding contact with Dr. Clifford Nelson, plaintiffs' counsel agreed with my position and

17  stated: "Dr. Nelson will be a witness at trial to testify to his autopsy report but **I don't believe**

18  **that precludes his speaking to you.**"

19      5.      On January 17, 2006 I had an initial meeting with Dr. Nelson and have had

20  periodic contact with him including receipt and review of pathology slides and payment for Dr.

21  Nelson's professional time. (Ex. B) It is my information and belief that Dr. Nelson has kept Mr.

22  Meyerson apprised of my interactions with him.

23      6.      Dr. Nelson has always made it clear that he is an impartial fact witness and not an

24  expert for either party.

25      7.      Mr. Meyerson has himself acknowledged that Dr. Nelson is not an expert. In a

26  letter to my partner, John Hart, dated August 22, 2006, Mr. Meyerson stated in part:

Page 2 -      AFFIDAVIT OF CONNIE ELKINS McKELVEY

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

1
2
3
4

> "[L]ong before there was litigation, Dr. Clifford Nelson performed an autopsy for the Cowlitz County Coroner's office and in his official capacity concluded that Barbara Brannan died due to 'myocardial fibrosis' which he saw . . . These contemporaneous conclusions from **impartial** sources are well support by **our** expert in pathology." (*Emphasis added*)

5   8.   Through discovery and subsequent discussions and correspondence between the

6   parties it became apparent to the defense that there was likely a misunderstanding of the

7   anticipated testimony of Dr. Nelson which adversely impacted the ability of the parties to resolve

8   this case short of trial.

9   9.   Concerned that the defense had misunderstood Dr. Nelson's anticipated

10   testimony, the defendants hired Donald B. Bowerman, a medical defense attorney with extensive

11   pathology experience to meet with Dr. Nelson to review his findings and scope of his anticipated

12   testimony.

13   10.   It is my information and belief that the initial meeting with Dr. Nelson and Mr.

14   Bowerman took place on September 25, 2006.  It is my information and belief that Dr. Nelson

15   apprised Mr. Meyerson of this interview.

16   11.   It is my information and belief that Mr. Bowerman's interview confirmed that

17   there was likely a misunderstanding regarding Dr. Nelson's opinions on causation.  Accordingly I

18   contacted Mr. Meyerson and suggested that we schedule Dr. Nelson's deposition as the parties

19   were still conducting discovery by agreement.  Mr. Meyerson responded "You know what he will

20   say and I see no need for a deposition."

21   12.   I subsequently met with Dr. Nelson and Mr. Bowerman to confirm Dr. Nelson's

22   opinions and the scope of his anticipated testimony.  Dr. Nelson expressed frustration with the

23   litigation process because the parties were not asking the same questions and he expressed a

24   preference to speak with both parties at the same time.  He also maintained that he was not an

25   expert for either side but rather an independent examiner.  It was agreed that I would again try to

26   schedule his deposition.

Page 3 -   AFFIDAVIT OF CONNIE ELKINS McKELVEY

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

1    13.    I telephoned Mr. Meyerson in early October 2006 in an attempt to schedule Dr.

2    Nelson's deposition.  Mr. Meyerson refused to participate in either a deposition or joint interview

3    saying "We will see what he says at trial."

4    14.    At no time has Mr. Meyerson objected to my contact with Dr. Nelson.  Further,

5    Mr. Meyerson has not objected to Mr. Bowerman's contact other than to comment that Mr.

6    Bowerman professed to represent Kaiser without notice to Mr. Meyerson or entry of an

7    appearance.  However, Mr. Bowerman is not defense counsel for purposes of this case and there

8    is no requirement that he enter an appearance.

9    15.    Mr. Meyerson has never withdrawn the agreement permitting contact with Dr.

10   Nelson nor has he limited the scope of that agreement in any way.

11   16.    Defense counsel may call Mr. Bowerman at trial in rebuttal depending upon how

12   Dr. Nelson testifies.  In the absence of a deposition taken under oath, it is unclear whether such

13   impeachment testimony will be necessary.

14

15

                                                CONNIE ELKINS McKELVEY
16

17        SUBSCRIBED AND SWORN to before me this _____ day of November, 2006.

18

19

                                                _____
                                                Notary Public for Oregon
20                                              My Commission Expires:_____

21

22        OFFICIAL SEAL
          KRISTINE M CURTIS
          NOTARY PUBLIC-OREGON
23        COMMISSION NO. 394355
          MY COMMISSION EXPIRES JUNE 28, 2009

24

25

26

Page 4 -    AFFIDAVIT OF CONNIE ELKINS McKELVEY

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

From:       Connie McKelvey
To:         Jack Meyerson
Date:       12/27/2005 12:40:15 PM
Subject:    Re: Stipulated order for extension of pretrial dates

Thanks Jack. This sounds like a plan. I look forward to hearing back from you regarding Dr. Nelson and the few other I would like to depose before mediation.

>>> "Jack Meyerson" <jmeyerson@meyersonlawfirm.com> 12/27/2005 12:35 PM >>>
Connie: My paralegal is out this week but I will check myself as to the expert records and send you what I have and tell you what I don't have. I just approved Paula's draft of the stipulated order. Before we push back the expert date I suggest you have Paula or your service actually call the offices at issue and see if they can expedite. If it does impinge on your experts reports because the records are simply not attainable I'll grant you a further extension; however let's make all efforts to obtain the records on an expedited basis and if that's not possible let's determine if they in fact exist given the passage of time. With the new schedule in place I assume we are looking to mediation sometime after the expert deadline and enough in advance of the discovery cut off to allow for additional discovery in the event that the mediation fails. I am available as of now March 7-9, March 20-April 7. How do these dates look from your perspective.

Regarding Dr Nelson my inclination is to go ahead but I want to wait to hear from my local counsel first. I emailed him last week and will do so again today. If he doesn't respond promptly I'll call. Please hold off for now I'm not seeking delay. Jack
----- Original Message -----
From: "Connie McKelvey" <CEM@hhw.com>
To: <PaulaO@burgessfitzer.com>; <jmeyerson@meyersonlawfirm.com>
Sent: Tuesday, December 27, 2005 3:12 PM
Subject: Re: Stipulated order for extension of pretrial dates

Jack, my only concern is the expert disclosure date. I still do not have many of the records which should have been provided in response to our original request for production. I've asked Paula to send out subpoenas to obtain many of the missing records including records from Robert Stanley, M.D., Sandra Miracle, P.T., David A. Riley, M.D. Providence Everett Medical Center on Barbara Brannan and records from McLoughlin Family Group in Vancouver, Southwest Washington Medical Center, Jeff Hansen, MD and the Darrington Clinic on Rhiannon and Stephanie. I'm informed that it will take 30-45 days to obtain these records via subpoena. That brings us right up on expert disclosure date. Can you provide us with these records right away? If not, I think we should extend expert discovery date as once I get the records I need to compile, send to experts and await their review.

Jack, can I have a response to my e-mail of last week regarding conference with Dr. Nelson and limited depositions between now and mediation. Thanks.

Connie Elkins McKelvey
Hoffman Hart & Wagner LLP
1000 SW Broadway 20th Floor
Portland, OR 97205-3070

| | |
|---|---|
| **From:** | "Jack Meyerson" <jmeyerson@meyersonlawfirm.com> |
| **To:** | "connie McKelvey" <cem@hhw.com> |
| **Date:** | 12/29/2005 2:15:21 PM |
| **Subject:** | Follow up |

Connie: Dr. Nelson will be a witness at trial to testify to his autopsy report but I don't believe that precludes his speaking with you.

We are sending you before the weekend break copies of the records for the following providers:

The Darrington Clinic which contains the records of Dr. Riley and Dr. Shillhammer;

Everett Bone and Joint which contains the records of Dr. Kinahan;

You have the Harborview records which contain the records of Dr. Stanley;

We are in contact with Dr. Stanley's office to determine if they have any additional records pertaining to Barbara Brannan;

Sandy Miracle Physical Therapy records for B. Brannan;

Darrington Clinic records for both daughters;

Dr. McGlocklin's records for both girls;and

Dr. Hansen's records for Rhiannon.

With regard to scheduling I understand that you want to do the four doctors and Trisha Anderson before mediation. Do you want to do Trisha by phone from Nevada or will you pay to bring her to the Northwest?

As I suggested we are available for these depositions-if the doctors' schedules allow the week of Jan. 23 or Jan. 30. Thereafter we are available for the mediation Feb 13-21 or anytime in March after March 20. Another suggestion would be to do both in succession-the deps then the mediation in either Feb. or March during the dates set forth above.

Regarding mediation: Neither my local counsel or other contacts know of your suggested mediator Charles Bertram. Do I have the name right and is he from Tacoma?  Bill Rush, Larry Levy and Jack Rosenow (med mal defense) are all from Tacoma and highly regarded and recommended. Let me know. Have a good New Year. Jack
Jack Meyerson, Esq.
Meyerson & O'Neill
1700 Market Street, Suite 3025
Philadelphia, PA 19103
(215)972-1376
fax: (215) 972-0277
www.meyersonlawfirm.com

NOTICE: This email message and any attachments hereto contain confidential information and may be protected by the attorney-client privilege and/or work product doctrine.  If you are not the intended recipient, you must not review, disclose, copy, disseminate, distribute or use any of the information contained in, or attached to this email transmission. If you have received this email in error, please immediately notify me by forwarding this email to jmeyerson@meyersonlawfirm.com or by telephone at 215-972-1376 and then delete the message and its attachments form your computer.  Thank you.

| | |
|---|---|
| From: | "Jack Meyerson" <jmeyerson@meyersonlawfirm.com> |
| To: | "connie McKelvey" <cem@hhw.com> |
| Date: | 10/1/2006 2:25:17 PM |
| Subject: | Outstanding trial prep |

Connie: I am writing in response to your letters of Sept. 19 and 21. I intend to honor all of the requests that were made before the discovery deadline but I will not permit discovery that I never agreed to and which you have only belatedly requested. Specifically:

Dr. Coombs: is completely duplicative of Dr. Nedrow and the Court sustained our objection;

Melissa Pemberton (Washington State Toxicology Lab): This is a witness you have known of from day one and only belatedly requested after our week of discovery on the West Coast. I will not reopen discovery. You have the report;

Dr. Nelson: as far as I know this is another new request. At the commencement of the case you asked if i would consent to your "interviewing" him as he was not a retained expert. I gather you did. Recently another attorney professing to represent Kaiser without notice to me (or the entry of an appearance) conducted a second interview of Dr. Nelson. You know what he will say and I see no need for a deposition;

Dr. Melson: you are entitled to the conclusion of his deposition. I accept your offer to set this up for video conferencing. Please contact our paralegal Ed Fu who will arrange Dr. Melson's availability. I tell you in advance that the deposition will be limited to what you didn't cover at the initial dep.

Dr. Close: I have known of your intention to obtain a report from him and I will co-operate and see that Ed Fu sends you copies of Rhiannon's raw test data. I know that I carefully worded my responses to your far reaching requests for home and school interviews. I will co-operate in arranging an IME in a office setting at which I (and her father) will be present through a telephone hook up. The request for school and home visitation is beyond the scope of the Federal Rule;

Expert disclosures pursuant to Rule 26: both sides need to complete. I need to check with Ed Fu as to what is still outstanding and it will be promptly supplied. Regarding Dr. DePace I believe we sent you his billing rate schedule and his bills on this case within days of his deposition. Let me know if you don't have them but in any event I'll send you another copy the beginning of this week.

Oct. 6 depositions of Loretta Young and Sally Logan: At the time I deposed Norm Mullenberg I wanted to do these deps as well but for some reason your client was not able to make either woman available. We specifically agreed that I would conduct these deps later by phone and we scheduled them for Oct. 6. Please let me know promptly if you intend to renege on your agreement. The depositions will cover those topics of which you have notice that Mr. Mullenberg was not able to respond.

Barbara Brannan photos: They will be exhibits and I'll see that Ed Fu emails you copies promptly. Thank you for your co-operation. Jack

Jack Meyerson, Esq.
Meyerson & O'Neill
1700 Market Street, Suite 3025
Philadelphia, PA 19103
(215)972-1376
fax: (215) 972-0277
www.meyersonlawfirm.com

NOTICE: This email message and any attachments hereto contain confidential information and may be protected by the attorney-client privilege and/or

RECEIVED



# Clifford C. Nelson, MD
11411 NW 8TH Court
Vancouver, WA 98685

CERTIFIED BY THE AMERICAN BOARD
OF PATHOLOGY IN:

    FORENSIC PATHOLOGY
    ANATOMIC PATHOLOGY
    CLINICAL PATHOLOGY

TELEPHONE:
Home Office: (360) 576-6886
Office: (503) 988-3746
Pager: (503) 920-2833
Fax: (360) 576-6886

January 29, 2006

Connie McKelvey
Hoffman, Hart and Wagner
1000 SW Broadway
20th Floor
Portland, OR  97205

RE:  Barbara Brannan

Dear Ms. McKelvey,

It was a pleasure to meet with you again.  I will call your office when the microscopic slides are ready to be picked up.  If you or Mr. Meyerson require anything further from me to be able to resolve this case, please feel free to contact me at any time.  Please forward a copy of Dr. Melineck's report.

Sincerely,

Clifford C. Nelson, MD